CLERK'S OFFICE U S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 01 2018

JULIA C. DUDLEY, CLERK
BY: A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

MCCOA, LLC,            )
                       )
    Plaintiff,         )
                       )   Civil Action No. 7:17-CV-00505
v.                     )
                       )
RETAIL SERVICE SYSTEMS, INC., )   By: Hon. Michael F. Urbanski
                       )       Chief United States District Judge
    Defendant.         )

## MEMORANDUM OPINION

This declaratory judgment action is before the court on defendant Retail Service Systems, Inc.'s ("RSS") motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 7. RSS argues that the court should dismiss the action for failure to state a claim for declaratory relief, and alternatively, for being filed in anticipation of a substantive suit being brought in another forum. The court held a hearing on the motion on January 26, 2018. For the reasons set forth below, the court will **GRANT** the motion.

I.

MCCOA, LLC ("MCCOA"), a Virginia limited liability company, and RSS, an Ohio corporation, are both mattress retail companies. Compl. ¶¶ 2, 5, ECF No. 1-1; Notice of Removal ¶ 4, ECF No. 1-2. On July 11, 2017, RSS president Scott Andrew emailed Kathleen Bauer ("Kathleen"), the sole owner and manager of MCCOA, and her son Corey Bauer ("Corey"), the owner of another mattress company, Mattress Clearance Centers of America, LLC. Compl. ¶ 7, Ex. A, Ex. E. Andrew alleged that Corey and MCCOA were "inappropriately using RSS's proprietary business methodologies and trade secrets which

were misappropriated from RSS without [its] permission." Compl. Ex. A. Andrew warned that if neither Kathleen nor Corey responded to his email by July 14, 2017, then RSS would "move forward in efforts to protect [its] business and people." Id. Although Corey did not respond, Kathleen emailed Andrew on July 13, 2017 to arrange a date to discuss Andrew's allegations. See Compl. Ex. B.

On July 17, 2017, Andrew told Kathleen that RSS had defended its trade secrets in state and federal courts including in the United States District Court for the Southern District of Ohio. Compl. Ex. C. He claimed that RSS had secured a permanent injunction against mattress retail company Carolina Bedding Direct, LLC ("Carolina Bedding") while Corey served as a senior manager at the company. Id. Andrew linked Corey's experience at Carolina Bedding to RSS' allegations of misappropriation by MCCOA. Id.

As an alternative to litigation in this case, Andrew proposed a "win/win" solution, under which RSS would purchase MCCOA. Compl. Ex. F. Kathleen wanted to negotiate a sale, but asked that RSS first release any claims it had against MCCOA. Compl. Ex. H. Andrew refused to do so, and on July 29, 2017, he wrote to Kathleen that, "[i]f legal action ends up being RSS's only means to protect our property, we already have (and had before we ever spoke), more than enough information . . . to do so." Compl. Ex. I.

On August 3, 2017, MCCOA filed a complaint in the Circuit Court of Franklin County, Virginia, seeking a declaratory judgment that MCCOA has not misappropriated any of RSS' trade secrets or otherwise violated any duty owed to RSS. MCCOA did not immediately serve the complaint and summons on RSS. Instead, counsel for both parties continued to negotiate a possible sale of MCCOA. Pl.'s Ex. 1, ECF No. 16-1. On August

2

23, 2017, RSS' counsel informed MCCOA's counsel that "if I do not receive the substantiating information by end of day today (including a breakdown of sales and profit margins per dealer, as we previously discussed), RSS will withdraw its interest in making a purchase of MCCOA. RSS is interested in creating a win-win scenario for both parties, but the window of opportunity will close unless I receive this information today." Id.

The next day, on August 24, 2017, RSS filed a complaint against Corey, Mattress Clearance Centers of America, LLC, and MCCOA in the Southern District of Ohio. The complaint alleged claims for misappropriation of trade secrets under the Ohio Uniform Trade Secrets Act, successor liability, and civil conspiracy. MCCOA has moved to dismiss the Ohio action for lack of personal jurisdiction and improper venue, and alternatively, to transfer the action to this court.

Also on August 24, 2017, MCCOA notified RSS' counsel of the lawsuit pending in Franklin County. Pl.'s Ex. 1. Several weeks later, MCCOA served RSS with a copy of the summons and the complaint for the declaratory judgment action. RSS removed the action to this court and filed the instant motion to dismiss, arguing that MCCOA has failed to state a claim for declaratory relief and that this action is an improper attempt at forum shopping.

## II.

The Declaratory Judgment Act permits a district court, in a case or controversy otherwise within its jurisdiction, to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The United States Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion

3

on the courts rather than an absolute right upon the litigant.'" Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (quoting Pub. Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952)).

A district court has discretion to exercise declaratory judgment jurisdiction when: (1) "'the judgment will serve a useful purpose in clarifying and settling the legal relations in issue,'" and (2) "'it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996) (quoting Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937)). While this discretion is broad, a "court must have 'good reason' for declining to exercise its declaratory judgment jurisdiction." Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., 386 F.3d 581, 594 (4th Cir. 2004).

### III.

When a declaratory judgment action raises the same issues as a substantive action pending in another forum, courts have considered the effect of the first-to-file rule. See, e.g., First Nationwide Mortg. Corp. v. FISI Madison, LLC, 219 F. Supp. 2d 669 (2002); Hop-In Food Stores, Inc. v. S & D Coffee, Inc., 642 F. Supp. 1106 (W.D. Va. 1986). This rule provides that, "[o]rdinarily, when multiple suits are filed in different Federal courts upon the same factual issues, the first or prior action is permitted to proceed to the exclusion of another subsequently filed." Allied-Gen. Nuclear Servs. v. Commonwealth Edison Co., 675 F.2d 610, 611 n.1 (4th Cir. 1982) (citing Carbide & Carbon Chems. Corp. v. U.S. Indus. Chems., Inc., 140 F.2d 47, 49 (4th Cir. 1944)).

RSS argues that MCCOA's first-filed declaratory judgment action is not entitled to

4

deference under the first-to-file rule because MCCOA filed the action in anticipation of a substantive lawsuit being filed by RSS in another forum. According to RSS, district courts dismiss such actions for improper forum shopping.

RSS is correct: The United States Court of Appeals for the Fourth Circuit has instructed district courts to "consider whether the declaratory judgment action is being used merely as a device for procedural fencing—that is, to provide another forum in a race for res judicata . . . ." Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419, 422 (4th 1998) (internal quotation marks omitted). Although an "uncertain party" may file a declaratory judgment action "to gain relief from the insecurity caused by a potential suit waiting in the wings," United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 494 (4th Cir. 1998), "there may come a point after which the potential lawsuit that may otherwise have given rise to a proper declaratory judgment action has become so certain or imminent, that the declaratory judgment action is merely an improper act of forum shopping, or a race to the courthouse," Learning Network, Inc. v. Discovery Commc'ns, Inc., 11 F. App'x 297, 301 (4th Cir. 2001) (citing Aetna Cas. & Sur. Co., 92 F.2d at 324). Under those circumstances, "[i]t is appropriate for a federal district court to decline jurisdiction over a declaratory judgment action." Yoder v. Heinold Commodities, Inc., 630 F. Supp. 756, 760 (E.D. Va. 1986); see also, e.g., First Nationwide Mortg. Corp., 219 F. Supp. 2d at 673-74; N. Am. Roofing Servs., Inc. v. BPP Retail Props., LLC, No. 1:13-CV-000119-MR, 2014 WL 1092319, at *4 n.2 (W.D.N.C. Mar. 18, 2014) (internal quotation marks omitted).

As an example of when a declaratory judgment action becomes an improper act of forum shopping, RSS cites Hop-In Food Stores, Inc. v. S & D Coffee, Inc., 642 F. Supp.

5

1106, which involved similar factual circumstances to this case. In Hop-In, the plaintiff filed a declaratory judgment action in the Western District of Virginia, requesting a declaration that the plaintiff had lawfully terminated its contract with the defendant. Id. at 1107. Two months later, the defendant, without knowledge of the declaratory judgment action, sued the plaintiff for breach of contract in the United States District Court for the Middle District of North Carolina. Id. Only after the plaintiff received a summons for the breach of contract action did it serve a copy of the summons and complaint on the defendant in the default judgment action. Id. Here too, MCCOA filed a declaratory judgment action in a state court in this district, but did not serve a copy of the summons and complaint on RSS until after RSS filed the misappropriation action in the Southern District of Ohio. The record also indicates that RSS did not receive notice of the declaratory judgment action until the day RSS filed the misappropriation action.

In attempting to distinguish Hop-In, MCCOA argues that it could not have anticipated a lawsuit in the Southern District of Ohio because it had no reason to believe that RSS would file suit in any forum outside of Virginia. The court finds this argument unpersuasive. In an email to Kathleen, Andrew explained that RSS had sued mattress companies in the Southern District of Ohio under similar circumstances. Andrew urged Kathleen or her attorney to review the relevant cases on PACER and specifically referred to the permanent injunction that RSS had secured against Carolina Bedding in the Southern District of Ohio. Accordingly, MCCOA plainly was on notice of the likelihood of an RSS lawsuit in the Southern District of Ohio.

Regardless of Hop-In and related cases, MCCOA argues that this court should retain

6

jurisdiction in this case because the balance of convenience favors this forum. MCCOA argues that the Southern District of Ohio lacks personal jurisdiction over it and that this forum has a greater nexus to the lawsuit. Whether the Southern District of Ohio has personal jurisdiction over MCCOA is a matter to be decided by the Ohio federal court; it is not a factor to be considered in determining whether this court will entertain this declaratory judgment action. See Yoder, 630 F. Supp. at 761. As to the convenience of the parties, the court believes that an Ohio forum would be more convenient for RSS, an Ohio corporation, while a Virginia forum would be more convenient for MCCOA, a Virginia LLC. Neither the Ohio action nor this action has reached an advanced stage, and the actions substantially overlap. The court recognizes, however, that RSS appears to be the "natural plaintiff" because RSS alleges that MCCOA has already violated a duty owed to RSS; namely, by misappropriating RSS' trade secrets. See Fed. Home Loan Mortg. Corp. v. Mortg. Guar. Ins. Corp., No. 1:12-CV-539-AJT-JFA, 2012 WL 2673151, at *5 (E.D. Va. July 5, 2012) (internal quotation marks omitted). Accordingly, the court concludes that the balance of convenience does not weigh in favor of proceeding in this forum. The court will therefore decline to exercise its declaratory judgment jurisdiction in this case.

## IV.

The court concludes that MCCOA filed this declaratory judgment action in apparent anticipation of RSS filing a substantive suit in another forum and that the balance of convenience does not weigh in favor of this forum. Fourth Circuit precedent forecloses this attempt at impermissible forum shopping. Accordingly, defendant Retail Service Systems, Inc.'s motion to dismiss, ECF No. 7, is **GRANTED**. An appropriate Order will be entered.

7

Entered: 02-01-2018

/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge